

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

APR 22 2004

LUTHER D.
By:

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOSHUA HUFF, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION FILE |
| ) | NO. 1 04-CV-0172-TWT |
| THE ESTATE OF HARLAN ) | |
| EUGENE HUFF, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S INITIAL DISCLOSURES**

**(1) State precisely the classification of the cause of action being filed, a brief factual outline of the case including Plaintiff's contentions as to what Defendants did or failed to do, and a succinct statement of the legal issues in the case.**

Motor Vehicle - Personal Injury. Plaintiff's claim is one for personal injuries arising out of a motor vehicle collision on December 26, 2002 on Airline Road in Henry County, Georgia wherein Plaintiff sustained serious personal injuries. Plaintiff contends the Defendant was negligent in failing

to keep his vehicle under his control at all times; in driving his vehicle without due caution and circumspection and in a manner so as to endanger the person and/or property of others in the immediate vicinity; in driving too fast for conditions; in driving the vehicle in a reckless disregard for the safety of persons and/or property; and in committing other negligent and reckless acts and omissions as may be shown by the evidence and proven at trial, causing serious personal injuries to Plaintiff. The legal issues are negligence and damages.

(2) **Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which Plaintiff contends are applicable to this action.**

Plaintiff contends the Defendant was negligent both in common law and in failing operate his vehicle in a safe manner, as well as statutory violations of O.C.G.A. §§40-6-390, 40-6-241, and 40-6-180, to-wit:

**O.C.G.A. §40-6-390(a)** – Any person who drives any vehicle in reckless disregard for the safety of persons or property commits the offense of reckless driving.

**O.C.G.A. §40-6-241** – A driver shall exercise due care in operating a motor vehicle on the highways of this state and shall not engage in any actions which shall distract such driver from the safe operation of such vehicle, provided that the proper use of a radio, citizens band radio, or mobile telephone shall not be a violation of this Code section.

**O.C.G.A. §40-6-180** – No person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard for the actual and potential hazards then existing. Consistently with the foregoing, every person shall drive at a reasonable and prudent speed when approaching and crossing an intersection or railroad grade crossing, when approaching and going around a curve, when approaching and traversing a hill crest, when traveling upon any narrow or winding roadway, and when special hazards exist with respect to pedestrians or other traffic or by reason of weather or highway conditions.

**Damages**

As a result of Defendant's stubbornly litigious behavior and the unnecessary trouble and expense Defendant will cause Joshua Huff, Plaintiff is entitled to recover expenses and attorneys' fees pursuant to O.C.G.A. §13-6-11. <u>Buffalo Cab v. Williams</u>, 126 Ga.App. 522, 191 S.E.2d 317 (1972). This code section and case are, at a minimum, applicable to Defendant.

If the Court believes from a preponderance of the evidence that the Plaintiff is entitled to recover, it should award to the Plaintiff such sums as it believes are reasonable and just in this case. O.C.G.A. §51-12-9.

In all cases, necessary expenses resulting from the injury are a legitimate item of damages. As to medical expenses, such as hospital, doctor, and medicine bills, the amount of the damage would be the reasonable value of such expense as was reasonably necessary. O.C.G.A. §51-12-7.

<u>Georgia Power Co. v. Clark</u>, 69 Ga.App. 273 (medicine) (1943).

<u>Georgia Railway and Power Co. v. Ryan</u>, 24 Ga.App. 290 (doctor's bill) (1919).

(3) **Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information relevant to disputed facts alleged with particularity in the pleadings, identifying the subjects of the information. (Attach witness list to Responses to Mandatory Disclosures as Attachment A.)**

See Attachment A.

(4) **Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in F.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)**

See Attachment B.

(5) **Provide a copy of, or a description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)**

See Attachment C.

(6) *In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)*

See Attachment D.

(7) **Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)**

Neither Plaintiff nor his lawyer have possession of any such documents.

(8)     **Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in Plaintiff's cause of action and state the basis and extent of such interest.**

The Plaintiff is not aware of any entity with a subrogation interest.

This 21st day of April, 2004.

Respectfully submitted,

_____
MICHAEL L. NEFF
Georgia Bar No. 537180
Attorney for Plaintiff

**The Law Offices of Michael Lawson Neff, P.C.**
Two Ravinia Drive
Suite 1570
Atlanta, Georgia 30346
(404) 531-9700

## ATTACHMENT A

1. The named Defendant and its agents may have discoverable information, including but not limited to Jason Tamayo, Claims Representative for Liberty Mutual Fire Insurance Corporation, 1750 Beaver Ruin Road, Suite 100, Norcross, Georgia 30093.

2. Plaintiff Joshua Huff has knowledge of liability and damages.

3. The medical providers listed herein have knowledge of damages and the cause of the damages.

4. Plaintiff's employer, Kendrick Tire, Attn: Rocky Moore, 511 Franklin Avenue, Waco, Texas 76712, has knowledge of damages, including lost wages.

5. "Before and after" lay witnesses, who can testify as to the effects of the injuries on Joshua Huff's life, are:

    A. Janie Jackson (Plaintiff's mother), 1265 Woodland West Drive, Waco, Texas 76712, (254) 751-9892;

    B. Rocky Moore, (Plaintiff's stepfather), 1265 Woodland West Drive, Waco, Texas 76712, (254) 751-9892; and

C.  Misty Johnson (Plaintiff's friend), 7301 Sanger, Apartment No. 233, Waco, Texas 76712, (254) 772-9272.

## ATTACHMENT B

1. Vernon Henderson, M.D., attending physician at Atlanta Medical Center, 303 Parkway Drive, N.E., Atlanta, Georgia 30312, during Plaintiff's admission of 12/26-29/02;

2. Paul King, M.D., Metro Atlanta Neurosurgery, P.C., 285 Boulevard, N.E., Suite 635, Atlanta, Georgia 30312-4215 (12/28/02 hospital consult);

3. David B. Vaughan, M.D., Hillcrest Family Health Centers, Hillcrest Highway 6 & Bosque Clinic, 7300 Bosque Boulevard, Waco, Texas 76712, (dates of treatment – 01/02/03 - 07/11/03 OV);

4. J. Kendall Ethridge, M.D., Waco Orthopedic Clinic, 6600 Fish Pond, Suite 201, Waco, Texas 76710 (dates of treatment – 01/06/03 - 05/08/03);

5. Therapist Neil Meske, Meske Sports and Physical Therapy, 6400 Cobbs Drive, Suite 200, Waco, Texas 76710 (dates of treatment – 02/04/03 - 08/18/03);

6. G.G. Villarreal, M.D., Waco Radiology, 6600 Fish Pond, Suite 103, Waco, Texas 76710, (date of treatment – 02/18/03 CT head);

7.  Joel G. Freitag, M.D., Central Texas Neurological Assn., 340 Richland West Circle, Waco, Texas 76712-7919 (date of treatment – 08/13/03 neurological consult); and

8.  Waco Open MRI, 105 Old Hewitt Road, Suite 200, Waco, Texas 76712-6558, (date of treatment – 08/14/03 MRI of the brain).

## **ATTACHMENT C**

Michael L. Neff, Attorney for Plaintiff, has possession of photographs of the scene, taken by the Henry County Police Department during their investigation of the wreck.

Mr. Neff is in the process of gathering the following:

1. Copies of the medical records and bills of the health care providers who treated Plaintiff for the injuries caused by the subject wreck; and

2. Copies and/or originals of the documents supporting Plaintiff's lost wage claim, such as prior W2s, 1099s, IRS documents, and/or 1040s.

## ATTACHMENT D

Medical expenses to date:

Total to be calculated upon receipt of the medical bills (location - medical providers' offices. Michael L. Neff has copies of some bills, and has requested copies of others of which he is aware). See attached itemization, which is partial - this itemization includes the bills that Michael L. Neff has received to date - total $37,483.19.

Lost wages:

Plaintiff missed work from December 30, 2002 through February 14, 2003 as the result of the injuries he sustained in the subject wreck. When he returned to work, he has only able to work part time, missing approximately 1½ days per week since February 14, 2003, due to either doctor's appointments or physical therapy appointments. Mr. Huff earned $413 per week for a 40-hour work week, five days per week, which also equates to $82.60 per day. Thus, his lost wages are calculated as follows:

12/30/02 through 02/14/03: 7 weeks @ $413.00/week = $2,891.00

02/16/03 through 10/10/03: 34 weeks x 1.5 days/week = 51 days

51 days @ $82.60/day = $4,212.60

$2,891.00 + $4,212.60 = $7,103.60

Pain and Suffering:

To be determined at trial. The medical records and bills (location - medical providers' offices). Michael L. Neff has received copies of some of the medical bills, and they are itemized herein. The 12/26/02 photographs of the scene of the wreck (location - Michael L. Neff's office).

Expenses of Litigation, Including Reasonable Attorney Fees:

To be determined at trial.

# MEDICAL SPECIALS FOR
# JOSHUA HUFF

Date of Injury: December 26, 2002

| | | | |
|---|---|---|---:|
| 1. | Baptist Life Flight<br>12/26/03 ambulance helicopter transport | | $6,670.40 |
| 2. | Atlanta Medical Center<br>12/26-28/02 admission | | 25,044.93 |
| 3. | Emergency Professional Atlanta, P.C. | | 401.00 |
| 4. | Metro Atlanta Neurosurgery<br>12/28/02 hospital consult | | 200.00 |
| 5. | Diagnostic Imaging Specialists<br>12/26-27/02 radiology services | | 1,647.50 |
| 6. | Hillcrest Family Health Centers<br>01/02/03 OV<br>01/23/03 OV<br>01/31/03 OV<br>02/06/03 OV<br>04/07/03 OV<br>07/11/03 OV | $ 83.00<br>131.00<br>83.00<br>83.00<br>83.00 | 463.00 |
| 7. | Waco Orthopedic Clinic/J. Kendall Ethridge, M.D.<br>01/06/03 OV/x-rays/splint<br>01/20/03 OV/x-ray<br>02/18/03 OV/x-ray<br>03/12/03 OV/x-ray<br>05/08/03 OV/x-ray | $299.00<br>111.00<br>111.00<br>111.00<br>111.00 | 743.00 |
| 8. | Meske Sport & Physical Therapy<br>02/04/03 Evaluation/PT<br>07/24/03 Evaluation<br>07/28/03 PT<br>08/11/03 PT<br>08/18/03 PT | $187.00<br>112.00<br>40.00<br>40.00<br>40.00 | 419.00 |

| | | | |
|---|---|---|---:|
| 9. | Waco Radiology<br>02/18/03 CT head | | 1,100.00 |
| 10. | Central Texas Neurological Assn./Joel G. Freitag, M.D.<br>08/13/03 neurological consult | | 194.00 |
| 11. | Waco Open MRI<br>08/14/03 MRI of the brain | | 440.00 |
| 12. | Prescription Medications/Durable Medical Equipment | | 160.36 |
| | 01/02/03 H-E-B Pharmacy<br>    Hydrocodone | $15.49 | |
| | 01/03/03 H-E-B Pharmacy<br>    Endocet | 7.65 | |
| | 01/04/03 Providence Medical Equipment<br>    Sling and swathe | 28.50 | |
| | 01/06/03 H-E-B Pharmacy<br>    Hydrocodone | 9.97 | |
| | 01/09/03 H-E-B Pharmacy<br>    Hydrocodone | 46.99 | |
| | 01/15/03 H-E-B Pharmacy<br>    Hydrocodone | 16.98 | |
| | 01/23/03 Eckerd Pharmacy<br>    Amitriptyline | 7.99 | |
| | 02/06/03 Eckerd Pharmacy<br>    Sonata | 26.79 | |
| | **TOTAL MEDICAL SPECIALS:** | | **$37,483.19** |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JOSHUA HUFF, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION FILE |
| ) | NO. 1 04-CV-0172-TWT |
| THE ESTATE OF HARLAN ) | |
| EUGENE HUFF, ) | |
| ) | |
| Defendant. ) | |

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that he has served a true and correct copy of **"Plaintiff's Initial Disclosures"** to all parties by depositing the same in the U.S. Mail with adequate first class postage prepaid, to ensure delivery to:

Burke E. Johnson, Esquire
Carter & Ansley, L.L.P.
Suite 2300 -- Atlantic Center Plaza
1180 West Peachtree Street
Atlanta, Georgia 30309

This 21st day of April, 2004.

[signature page to follow]

Page 15

_[signature]_

MICHAEL L. NEFF
Attorney for Plaintiff
Georgia Bar No. 537180

**The Law Offices of Michael Lawson Neff, P.C.**
Two Ravinia Drive
Suite 1570
Atlanta, Georgia 30346
(404) 531-9700

Page 16