ORIGINAL

FILED IN CLERK'S OFFICE
Atlanta

APR 22 2004

LUTHER D. [illegible], Clerk
By: [signature], Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOSHUA HUFF, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION FILE |
| ) | NO. 1 04-CV-0172-TWT |
| THE ESTATE OF HARLAN ) | |
| EUGENE HUFF, ) | |
| ) | |
| Defendant. ) | |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

1. **Description of Case:**

   (a) Describe briefly the nature of this action.

   <u>Per Plaintiff</u>: Plaintiff's claim is one for personal injuries arising out of a motor vehicle collision on December 26, 2002 on Airline Road in Henry County, Georgia wherein Plaintiff sustained serious personal injuries. The legal issues are negligence and damages. Federal jurisdiction is based upon diversity of citizenship.

   <u>Per Defendant</u>: Personal injury; automobile.

Page 1

6

(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

Per Plaintiff: On December 26, 2002, Plaintiff was a passenger in a vehicle being operated by Defendant's decedent, Harlan Eugene Huff, on Airline Road in Henry County, Georgia wherein Plaintiff sustained serious personal injuries. Plaintiff was seriously injured when Defendant lost control of the vehicle and crashed. Plaintiffs's injuries include a traumatic brain injury which has left him with dropped foot. This is a condition that will affect him for the rest of his life.

Per Defendant: On December 26, 2002, Plaintiff was a passenger in a vehicle driven by his father, Harlan Eugene Huff, in Henry County, Georgia. At said time and place, Plaintiff and his father were involved in a single-vehicle collision. As a result of the collision, Plaintiff sustained bodily injuries, and his father was killed.

(c) The legal issues to be tried are as follows:

Per Plaintiff:

1. Was Defendant's decedent negligent?

2. Was Defendant's decedent negligent per se?

      3.      What damages of Plaintiff were caused by Defendant's decedent's negligence?

      <u>Per Defendant</u>:    Existence and/or extent of negligence of Defendant and damages to Plaintiff.

  (d)    The cases listed below (include both style and action number) are:

      (1)    Pending Related Cases:    None

      (2)    Previously Adjudicated Cases:  None

**2.    This case is complex because it possesses one (1) or more of the features listed below (please check):**

This case is not complex. The parties do not believe that additional discovery time is necessary.

\_\_\_\_    (1)    Unusually large number of parties

\_\_\_\_    (2)    Unusually large number of claims or defenses

\_\_\_\_    (3)    Factual issues are exceptionally complex

\_\_\_\_    (4)    Greater than normal volume of evidence

\_\_\_\_    (5)    Extended discovery period is needed

\_\_\_\_    (6)    Problems locating or preserving evidence

\_\_\_\_    (7)    Pending parallel investigations or action by government

    \_\_\_\_    (8)    Multiple use of experts

    \_\_\_\_    (9)    Need for discovery outside United States boundaries

    \_\_\_\_    (10)    Existence of highly technical issues and proof

**3.** **Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

<u>For Plaintiff</u>: Michael L. Neff, Esquire

<u>For Defendant</u>: Burke B. Johnson

**4.** **Jurisdiction:**

Is there any question regarding this court's jurisdiction?

(\_\_) Yes     (XX) No

If "yes", please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**5.** **Parties to This Action:**

    (a)    The following persons are necessary parties who have not been joined:

      A representative of the Estate of Harlan Eugene Huff is a necessary party; however, the parties have agreed to substitute Patricia Faye Huff, Executrix on behalf of The Estate of Harlan Eugene Huff.

(b)     The following persons are improperly joined as parties:

      "The Estate of Harlan Eugene Huff" is an improper party; however, the parties have agreed to substitute Patricia Faye Huff, Executrix on behalf of The Estate of Harlan Eugene Huff.

(c)     The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

      Not applicable.

(d)     The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

6. **Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.

   (a)  List separately any amendments to the pleadings which the parties anticipate will be necessary:

   The parties have agreed to substitute Patricia Faye Huff, Executrix on behalf of The Estate of Harlan Eugene Huff.

   (b)  Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

7. **Filing Times for Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a) **Motions to Compel**: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) **Summary Judgment Motions**: within twenty (20) days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c) **Other Limited Motions**: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) **Motions Objecting to Expert Testimony**: <u>Daubert</u> motions with regard to expert testimony no later than the date the proposed pretrial order is submitted. Refer to Local rule 7.2F.

8. **Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.

9. **Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

No.

**10. Discovery Period:**

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

> <u>Per Defendant</u>: Existence and/or extent of negligence of Defendant and damages to Plaintiff.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery

should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below.

**11. Discovery Limitation:**

What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

None at this time.

**12. Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

None at this time.

**13. Settlement Potential:**

(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on March 26, 2004, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For Plaintiff: Lead Counsel (signature): _____

   For Defendant:  Lead Counsel (signature): _____

   Other Participants:

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

  (_____) A possibility of settlement before discovery.

  (_____) A possibility of settlement after discovery.

  (_XX_) A possibility of settlement, but a conference with the judge is needed.

  (_____) No possibility of settlement.

(c) Counsel (_____) do or (_XX_) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is _____.

(d) The following specific problems have created a hindrance to settlement of this case:

Per Plaintiff: None.

Per Defendant: Plaintiff claims that Defendant's liability insurance carrier, Liberty Mutual, failed timely to respond to Plaintiff's

settlement demand, and Plaintiff intends to pursue a bad faith failure to settle claim against said carrier.

14. **Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties (_____) do consent to having this case tried before a magistrate judge of this court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the Clerk of Court this _____ day of _____, 2004.

(b) The parties (_XX_) do not consent to having this case tried before a magistrate judge of this court.

Respectfully submitted this 21st day of April, 2004,

_____
MICHAEL L. NEFF
Georgia Bar No. 537180
Attorney for Plaintiff

**The Law Offices of Michael Lawson Neff, P.C.**
Two Ravinia Drive, Suite 1570
Atlanta, Georgia 30346
(404) 531-9700
(404) 531-9727 (facsimile)

                          (Signature per telephone approval
                           on April 21, 2004)
                          BURKE E. JOHNSON
                          Georgia Bar No. 392895
                          Attorney for Defendant

**Carter & Ansley, L.L.P.**
Suite 2300 – Atlantic Center Plaza
1180 West Peachtree Street
Atlanta, Georgia  30309
(404) 658-9220
(404) 658-9726 (facsimile)

Page 12

**********************
## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery and discussing settlement are set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

_____

_____

_____

_____

_____

IT IS SO ORDERED, this _____ day of _____, 2004.

_____
HONORABLE THOMAS W. THRASH, JR.
JUDGE, UNITED STATES DISTRICT COURT