IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JOSHUA HUFF,

    Plaintiff,

  v.

PATRICIA FAYE HUFF, Executrix
on Behalf of the Estate of Harlan
Eugene Huff,

    Defendant.

CIVIL ACTION FILE

NO. 1:04-CV-0172-TWT-GGB

## **ORDER**

    This action is before the court on Defendant's Motion in Limine to preclude Plaintiff from calling as a witness or referencing Defendant's non-testifying expert (Doc. 71); Defendant's Motion in Limine to preclude Plaintiff from arguing that Defendant spoliated evidence (Doc. 72); Plaintiff's Motions to Compel Responses to requests for admissions and Plaintiff's Motion in Limine to preclude mention of prior DUIs or car accidents (Docs. 73 & 86); and Plaintiff's Motion in Limine to preclude defendant from arguing that Plaintiff is suing his stepmother and to allow introduction of liability insurance.  (Doc. 83).  A pretrial conference on the above motions was held before the undersigned on November 7, 2005.  Each motion will be addressed in turn.

The trial of this case will be held in Courtroom No. 1834 (18th Floor), U.S. Courthouse Building, 75 Spring Street, S.W., Atlanta, Georgia, beginning at 9:30 a.m. on Tuesday, January 17, 2006.

**A.   Defendant's Motion in Limine to preclude Plaintiff from calling as a witness or referencing Defendant's non-testifying expert (Doc. 71)**

At the pretrial conference, Plaintiff agreed not to call Defendant's non-testifying, consulting expert, Blake Wood. Additionally, the undersigned determined that the fact that Defendant had hired Mr. Wood as a consultant would not be relevant at trial. Accordingly, Defendant's Motion in Limine to preclude Plaintiff from calling as a witness or referencing Defendant's non-testifying expert (Doc. 71) is **GRANTED**.

**B.   Defendant's Motion in Limine to preclude Plaintiff from arguing that Defendant spoliated evidence (Doc. 72)**

At the pretrial conference, the undersigned determined that, given that negligence had been admitted by Defendant and that the vehicle's black box had been sold before a lawsuit was filed or an attorney was retained, it would not be proper for plaintiff to argue that Defendant spoliated evidence or for the spoliation issue to arise at trial. At trial, Plaintiff will not get a jury instruction on spoliation. Accordingly, Defendant's

2

Motion in Limine to preclude Plaintiff from arguing that Defendant spoliated evidence (Doc. 72) is **GRANTED**.

**C.** **Plaintiff's Motions to Compel Responses to requests for admissions and Plaintiff's Motion in Limine to preclude mention of prior DUIs or car accidents (Docs. 73 & 86)**

    **1.** **Requests for admissions**

        a. Request #24: At the pretrial conference, the undersigned ruled that Defendant is not required to admit that Plaintiff lost strength in his right leg as a result of clonus. Accordingly, this request is **DENIED**.

        b. Request #29: At the pretrial conference, Defendant admitted that the estimated speed that the vehicle was traveling when Harlan Huff lost control was 64-69 mph. Accordingly, this request is **DENIED as moot**.

        c. Request #31: At the pretrial conference, the undersigned ruled that Defendant is not required to admit that the speed of the vehicle when it hit the tree was approximately 30 mph. Accordingly, this request is **DENIED**.

        d Requests #33, 35-37, 39, 43-49, 50-51, 55, 58-59, 61-65, 68-69, 75-77, 79: These requests ask Defendant to admit the truth of the contents of Plaintiff's medical records. Defendant has already admitted that the medical records are authentic, and Defendant argues that Plaintiff's request is improperly duplicative and cumulative.

3

>Under Fed. R. Civ. P. 36(a), a party "may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b)(1) . . . ." On the other hand, Rule 26(b)(2) authorizes a court to limit a discovery method in a particular case "if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative . . . ."
>
>These particular requests at issue are unreasonably cumulative or duplicative in light of the fact that Defendant has already admitted that the medical records are authentic. See Vons Companies, Inc., v. United States, 51 Fed. Cl. 1, 14, (Fed. Cl. 2001) ("These requests . . . seek to confirm selected text from documents that defendant has already admitted are genuine in responding to plaintiff's first set of requests for admission. In the court's view, once the genuineness of entire documents has been established, there is no additional benefit to be derived from confirming specific portions thereof. Requests of this nature are manifestly 'unreasonably cumulative' and 'duplicative'"); Van Wagenen v. Consol. Rail Corp., 170 F.R.D. 86, 87 (N.D.N.Y. 1997). Accordingly, Plaintiff's above requests for admissions are **DENIED**.
>
>e.  Requests #38, 41-42: In these requests, Plaintiff asks Defendant to admit that "subdural hematoma" is a "serious condition" and that certain medical symptoms or conditions may be caused by certain injuries. Defendant argues that such requests ask for admission of "abstract and hypothetical medical conclusions, which make no reference to plaintiff or this lawsuit." (Doc. 77 at 6).
>
>"'[T]he procedure for obtaining admissions of fact should be used to obtain admission of facts as to which there is no real dispute and which the adverse party can admit cleanly, without qualifications. . . . It is not intended to be used to cover the entire case and every

4

item of evidence.'" Peck v. Clesi, 37 F.R.D. 11, 12 (N.D. Ohio 1963) (quoting 4 Moore's Federal Practice § 36.04). In the court's opinion, the subject matter of Requests 38, 41, and 42, constitute matters of expert opinion, not of fact. Accordingly, those requests are **DENIED**.

f. Requests #50, 52, 54, 78: At the pretrial conference, the undersigned ruled that Defendant is not required to admit that Plaintiff saw a psychologist or psychiatrist on certain dates or that Plaintiff has difficulty performing certain tasks with his right hand. Accordingly, these requests are **DENIED**.

## 2. Motion in Limine to preclude mention of prior DUIs or car accidents

At the pretrial conference, Defendant agreed not to introduce evidence regarding Plaintiff's previous DUIs or automobile accidents. However, the undersigned did not rule out the possibility that Plaintiff's previous DUIs or automobile accidents could be relevant on cross-examination. Defendant will alert the court before bringing Plaintiff's DUIs or accidents to the jury's attention, and the court will conduct a hearing outside of the jury's presence. Accordingly, Plaintiff's Motion in Limine to preclude mention of prior DUIs or car accidents is **GRANTED in part**.

5

**D.     Plaintiff's Motion in Limine to preclude defendant from arguing that Plaintiff is suing his stepmother and to allow introduction of liability (Doc. 83)**

At the pretrial conference, the undersigned determined that the fact that Plaintiff is suing his stepmother is a fact of the case and cannot be excluded from mention at trial.  However, Defendant may not attempt to evoke prejudice against Plaintiff or sympathy for Defendant because of this fact.  As for the insurance issue, the undersigned determined that insurance would not be mentioned at trial except that, during voir dire, one of the qualifying questions would ask the jurors as a whole whether any of them had a financial interest in Liberty Mutual Insurance Company. Other than that, jurors will be asked to state their employment history and the employment history of their immediate family.  The parties will alert the court before engaging in any detailed questioning of a juror regarding work for insurance companies. Except as indicated above, Plaintiff's Motion in Limine to preclude defendant from arguing that Plaintiff is suing his stepmother and to allow introduction of liability insurance (Doc. 83) is **DENIED.**

AO 72A
(Rev.8/82)

## CONCLUSION

For the foregoing reasons, Defendant's Motion in Limine to preclude Plaintiff from calling as a witness or referencing Defendant's non-testifying expert [Doc. 71] is **GRANTED**; Defendant's Motion in Limine to preclude Plaintiff from arguing that Defendant spoliated evidence [Doc. 72] is **GRANTED**; Plaintiff's Motions to Compel Responses to requests for admissions and Plaintiff's Motion in Limine to preclude mention of prior DUIs or car accidents [Docs. 73 & 86] are **GRANTED in part and DENIED in part**; and Plaintiff's Motion in Limine to preclude defendant from arguing that Plaintiff is suing his stepmother and to allow introduction of liability insurance [Doc. 83] is **DENIED**.

As stated above, the trial of this case will be held in Courtroom No. 1834 (18th Floor), U.S. Courthouse Building, 75 Spring Street, S.W., Atlanta, Georgia, beginning at 9:30 a.m. on Tuesday, January 17, 2006.

**IT IS SO ORDERED**, this 15th day of November, 2005.

/s/ Gerrilyn G. Brill

GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

T:\LAWCLERK\PAUL\Trials\Huff\Huff PTO.wpd