IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JOSHUA HUFF,

    Plaintiff,

  v.

PATRICIA FAYE HUFF, Executrix
on Behalf of the Estate of Harlan
Eugene Huff,

    Defendant.

CIVIL ACTION FILE

NO. 1:04-CV-0172-GGB

**ORDER**

Defendant moves for review of Plaintiff's bill of costs. (Doc. 109). In response, Plaintiff has filed an amended bill of costs. (Doc. 111, Attachment 1). In his amended bill of costs, Plaintiff withdrew his claim for $2,734.20 in fees associated with trial exhibits. (See Doc. 111 at 9). Additionally, Plaintiff modified his claim for witnesses' travel costs by reducing the number of days of lodging and seeking car rental and gasoline expense instead of mileage. (See id. at 8-9).

Accordingly, the only fees at issue are those associated with (1) the expert testimony of Dr. Lawrence Schlachter, and (2) the transcription and video of Patricia Huff's deposition.

### A. Dr. Schlachter's testimony

Defendant argues that Plaintiff is not entitled to recover fees associated with Dr. Schlachter's testimony because, although Dr. Schlachter performed a court-ordered independent medical examination of Plaintiff, it was Plaintiff who called Dr. Schlachter to testify at trial. Thus, Defendant argues that "Plaintiff simply used Dr. Schlachter as his expert witness." (Doc. 109, Supporting Memorandum at 4-5). Plaintiff responds that this court's order requiring Plaintiff to be examined by an impartial expert made Dr. Schlachter a court-appointed expert witness, and, thus, Plaintiff should be compensated for Dr. Schlachter's fees. (See Doc. 111 at 5-7).

"[A] federal court may tax expert witness fees in excess of the . . . statutory limit set out in [28 U.S.C.] § 1821(b) only when the witness is court-appointed." Crawford Fitting Co. v. J. T. Gibbons, Inc., 482 U.S. 437, 442, 107 S.Ct. 2494, 2498, 96 L.Ed.2d 385 (1987); see 28 U.S.C. § 1821(b) ("A witness shall be paid an attendance fee of $40 per day for each day's attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance."). Thus, the issue is whether Dr. Schlachter—who conducted a court-ordered independent medical examination of Plaintiff and whom Plaintiff later

2

called to testify at trial—is considered Plaintiff's expert witness or a court-appointed expert witness.

This court's order granting Defendant's Motion to Compel an Independent Medical Examination only ordered Plaintiff to submit to an independent medical exam; it did not appoint the examining physician to be a "court-appointed expert." (See Doc. 60). Dr. Schlachter's testimony at trial was not compulsory, and, given that Plaintiff chose to call Dr. Schlachter to testify, Dr. Schlachter was Plaintiff's expert witness.

Accordingly, the court finds that Dr. Schlachter was not a "court-appointed" expert witness, and the full costs associated with Dr. Schlachter's compensation for testifying at trial are not properly taxable to Defendant. Dr. Schlachter's compensation by Defendant is limited by 28 U.S.C. § 1821(b) to $40 per day.

**B.     Transcription and video of Patricia Huff's deposition**

Defendant argues that Plaintiff is not entitled to recover fees for transcription and video of the same deposition because such costs are duplicative. (Doc. 109, Supporting Memorandum at 6-7). The court disagrees. "[W]hen a party notices a deposition to be recorded . . . by both stenographic and nonstenographic means, and no objection is raised at that time by the other party to the method of recordation . . . it is appropriate . . . to award the cost of conducting the deposition in the manner

3

noticed." Morrison v. Reichhold Chem., Inc., 97 F.3d 460, 464-65 (11th Cir. 1996). Here, Plaintiff noticed the deposition of Patricia Huff to be "recorded stenographically and via videotape" (Doc. 23), and there is no indication in the record that Defendant objected. Accordingly, the costs of both the transcription and the video of Patricia Huff's deposition are properly taxable to Defendant.

**C.   Conclusion**

In sum, Defendant's Motion for Review of Plaintiff's bill of costs [Doc. 109] is **GRANTED in part and DENIED in part.** Plaintiff is **ORDERED** to amend his amended bill of costs to exclude any fees for Dr. Schlachter's testimony beyond the $40 per day statutory maximum.

**IT IS SO ORDERED**, this 24th day of March, 2006.

          /s/ Gerrilyn G. Brill

GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE