IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOSHUA HUFF, | |
|    Plaintiff, | CIVIL ACTION FILE |
|   v. | NO. 1:04-CV-0172-GGB |
| PATRICIA FAYE HUFF, Executrix on Behalf of the Estate of Harlan Eugene Huff, | |
|    Defendant. | |

**ORDER ON PLAINTIFF'S MOTION TO COMPEL
POST-JUDGMENT DISCOVERY**

This action is before the court on Plaintiff's Motion to Compel Post-Judgment Discovery. (Doc. 121). On January 19, 2006, a jury returned a verdict for Plaintiff in the amount of $300,000 (Doc. 101), and, on March 1, 2006, the Clerk of Court entered judgment in favor of Plaintiff (Doc. 112). On April 27, 2006, Plaintiff served Defendant ("the Estate") with post-judgment requests for production of documents. (See Doc. 122 at 1). The Estate answered Plaintiff's requests with various responses and objections. (See Doc. 122 at 3-12). Plaintiff argues that the Estate's responses and objections were incomplete and inadequate, and he seeks proper responses to his discovery requests. Plaintiff also seeks attorney's fees for the costs associated with

preparing the present motion and his reply. (See Doc. 121 at 13, Doc. 123 at 10). For the following reasons, Plaintiff's Motion to Compel Post-Judgment Discovery [Doc. 121] is **GRANTED in part** and **DENIED in part**, as detailed below.

I.  **GENERAL DISCOVERY PRINCIPLES**

  A.  **Boilerplate Objections**

The court deems broad objections based on conclusory generalizations insufficient. See, e.g., Dollar v. Long Mfg., 561 F.2d 613, 616-17 (5th Cir. 1977).

  B.  **Burden of Proof**

The party resisting a discovery request has the burden to show why the discovery request is improper. The resisting party must show specifically how a general objection applies to the discovery request. See, e.g., McLeod, Alexander, Powel and Apffel, P.C. v. Quarles, 894 F.2d 1482, 1485 (5th Cir. 1990).

  C.  **Objections Based on Privilege**

A party objecting on the basis of privilege must "describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information that is self-privileged or protected, will enable other parties to assess the applicability of the privilege or protection." Fed.R.Civ.P.

2

26(b)(5). Neither the attorney-client nor the work-product privilege can prevent the disclosure of underlying relevant facts.

### D.     Relevance

The parties may obtain discovery regarding any matter not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things, and the identity and location of persons having knowledge of any discoverable matter.  It is not ground for objection that the information sought will be inadmissible at the trial as long as the request appears reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1).

## II.    PLAINTIFF'S MOTION TO COMPEL

### A.     All Discovery Requests except for Requests 1, 5, 8, 10, and 12

In its responses to Plaintiff's discovery requests, the Estate objected by using boilerplate responses such as "vague," "overly broad," and "irrelevant" without any real explanation or evidentiary showing.  (See Doc. 121 at 3-11 (listing Plaintiff's

3

requests and the Estate's responses). Accordingly, the portions of Plaintiff's Motion to Compel associated with Requests 2-7, 9, and 11 are **GRANTED**. The Estate is **ORDERED** to file supplemental responses to these requests. Instructions for the filing of supplemental responses are provided in the "conclusion" section of this order.

### B.     Request 1

In Request 1, Plaintiff sought "[a]ny and all 'documents' pertaining to evidence of 'financial assets' anywhere in the world owned in whole or in part by either 'Harlan E. Huff' and/or 'The Estate of Harlan E. Huff.'" (Doc. 121 at 3).

The Estate responded:

> The Defendant Estate objects to this request as vague and overly broad. Subject to said objection and without waiving same, this Defendant Estate does not have any non-privileged documents responsive to this Request except as may be otherwise produced herein.

(Id.). The Estate's "vague" and "overly broad" objections are insufficient in that they do not offer any real explanation or evidentiary showing. Moreover, insofar as the Estate objects to this request based on privilege, it must produce a privilege log in compliance with Rule 26(b)(5).

Accordingly, the portion of Plaintiff's Motion to Compel associated with Request 1 is **GRANTED**. The Estate is **ORDERED** to file a supplemental response

4

to this request. Instructions for the filing of supplemental responses are provided in the "conclusion" section of this order.

### C.     Request 5

In Request 5, Plaintiff sought "[a]ny or all copies of income tax returns, gift tax returns, sales and use tax returns, Estate tax returns, and/or intangible tax returns, filed by 'Harlan E. Huff,' individually or jointly with any other person or entity, or 'The Estate of Harlan E. Huff' with the federal, state or municipal governments, for the period January 1, 2002, to the present." (Doc. 121 at 6).

The Estate responded:

> The Defendant Estate objects to this Request as vague and overly broad. Any income tax returns filed on behalf of Harlan E. Huff would have been filed jointly with his spouse, Patricia Huff and would therefore contain financial information which is not subject to discover (sic) in this matter. Subject to said objection and without waiving the same, any funds received into this Defendant estate are reflected on the 2003 W-2 and Earnings Summary attached in response to other Requests made herein.

(Id. at 7).     The Estate's "vague" and "overly broad" objections are insufficient in that they do not offer any real explanation or evidentiary showing. Accordingly, the Estate is **ORDERED** to file a supplemental response to Request 5. Instructions for the filing of supplemental responses are provided in the "conclusion" section of this order.

Additionally, the court agrees with Plaintiff that the tax returns sought by Plaintiff are relevant to the subject matter involved in the pending action in that they may identify the Estate's assets. Thus, the Estate is further **ORDERED** to produce those tax returns sought by Plaintiff.

### D. Request 8

In Request 8, Plaintiff sought "[a]ny and all 'documents' relating to any pending litigation involving 'Harlan E. Huff' and/or 'The Estate of Harlan E. Huff.'" (Doc. 121 at 9).

The Estate responded:

> The Defendant Estate objects to this request as vague and overly broad. Subject to said objection and without waiving same, the only litigation that this Defendant Estate has been involved in is the above-captioned matter brought by Plaintiff. Therefore, any information which may arguably be responsive to this Request is equally and/or likely more accessible to Plaintiff. Harlan E. Huff has not been a party to any litigation since the creation of the Estate.

(Id.). As noted previously, the Estate's "vague" and "overly broad" objections are insufficient in that they do not offer any real explanation or evidentiary showing. Accordingly, the portion of Plaintiff's Motion to Compel associated with the

6

insufficiency of the "vague" and "overly broad" objections to Request 8 is **GRANTED**. The Estate is **ORDERED** to supplement that portion of its response.

Normally, a party cannot object to a discovery request for documents within its possession by claiming that the other party has "equal access." See, e.g., St. Paul Reinsurance Co. v. Commercial Fin. Corp., 198 F.R.D. 508, 514 (N.D. Iowa 2000) ("courts have unambiguously stated that this [equally available] objection is insufficient to resist a discovery request"). However, in this case, because the only litigation that the Estate has been involved in is the present litigation brought by Plaintiff, it is more convenient, less burdensome, and less expensive for Plaintiff to obtain the documents sought from his own records. See Fed.R.Civ.P. 26(b)(2)(i) ("The frequency or extent of use of the discovery methods . . . shall be limited by the court if it determines that: (i) the discovery sought is . . . obtainable from some other source that is more convenient, less burdensome, or less expensive"); see also Fed.R.Civ.P. 1 ("These rules . . . shall be construed and administered to secure the . . . inexpensive determination of every action."). Accordingly, the portion of Plaintiff's Motion to Compel associated with the Estate's "equal access" objection to Request 8 is **DENIED**.

7

### E. Request 10

N.D. Ga. Local Rule 37.1A(2) & (3) states:

> A motion to compel a disclosure under LR 26.1 or to compel a response to discovery conducted pursuant to the Federal Rules of Civil Procedure shall:
>
> (2) Quote verbatim each disclosure, interrogatory, deposition question, request for designation of deponent, or request for inspection to which objection is taken;
>
> (3) State the specific objection;

Here, Plaintiff has failed to comply with L.R. 37.1A in that his motion to compel completely omits Request 10 and the Estate's objection thereto. Because the court has no knowledge of that request or the Estate's objection, it cannot rule on whether such objection was proper. Accordingly, the portion of Plaintiff's Motion to Compel associated with Request 10 is **DENIED**.

### F. Request 12

In Request 12, Plaintiff sought "[a]ny correspondence between any agent or representative of 'The Estate of Harlan E. Huff' and any agent or representative of Liberty Mutual relating to the Plaintiff's personal injury claim and subsequent lawsuit; including, but not limited to, any 'documents' referring to the subject of Liberty

8

Mutual's responsibility for payment and/or indemnification of the Estate for an Judgment returned in the above styled lawsuit." (Doc. 121 at 11-12).

The Estate responded:

> The Defendant Estate objects to this request on the basis that it is overly broad. This Defendant further objects to this Request on the basis that it seeks material and information which is or may be protected by the attorney-client privilege and/or the work product privilege. Subject to said objections and without waiving same, this Defendant Estate does not have any non-privileged documents responsive to this Request.

(Id. at 12). The Estate's "overly broad" objection is insufficient in that it does not offer any real explanation or evidentiary showing. Moreover, insofar as the Estate objects to this request based on privilege, it must produce a privilege log in compliance with Rule 26(b)(5).

Accordingly, the portion of Plaintiff's Motion to Compel associated with Request 12 is **GRANTED**. The Estate is **ORDERED** to file a supplemental response to this request. Instructions for the filing of supplemental responses are provided in the "conclusion" section of this order.

9

### III.   ATTORNEY'S FEES

This court must impose attorney's fees and expenses when granting a motion to compel discovery unless the party or attorney was substantially justified in resisting discovery, or other circumstances make an award of expenses unjust.  Fed.R.Civ.P. 26(c), 37(a)(4)(B); Maddow v. Proctor & Gamble, 107 F.3d 846, 853 (11th Cir. 1997); Devaney v. Continental American Insurance Co., 989 F.2d 1154, 1159 (11th Cir. 1993) (noting that Rule 37(a)(4) "was toughened in 1970 to mandate that expenses be awarded unless the conduct of the losing party or person is found to have been substantially justified").  In this case, given that defense counsel, Bonnie Baker, was on maternity leave from June 1, 2006, to September 30, 2006, she was unable to meet and confer with Plaintiff's counsel and attempt to resolve this discovery dispute prior to Plaintiff's filing of the present motion to compel.  (See Doc. 122 at 12-14; Doc. 122-2; Doc. 122-4).  Given these circumstances, the court will not impose sanctions at this time.  Accordingly, Plaintiff's request for attorney's fees is **DENIED**.

### IV.   CONCLUSION

For the foregoing reasons Plaintiff's Motion to Compel Post-Judgment Discovery [Doc. 121] is **GRANTED in part** and **DENIED in part**.  All supplemental

10

responses ordered herein shall be served within 10 days after receipt of this order; shall be made after a reasonable inquiry; shall contain coherent, full, complete, and unequivocal answers; and shall be made under oath in accordance with the applicable Federal Rules of Civil Procedure.  If the requested information does not exist, the respondent must state this unequivocally.  References to previous correspondence, depositions, or discovery responses will not constitute proper answers with this exception: in response to a document request, if the document has been previously produced and numbered, the responding party may refer to the number of the document, rather than producing the document again.  The supplemental responses may not contain boilerplate objections, legal arguments, or extraneous remarks.

**IT IS SO ORDERED**, this 15th day of August, 2006.


                                          /s/ Gerrilyn G. Brill

GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)